IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTIN DIANNE DIDIER and SURAYYA MAHASIN NASIR,<br><br>Defendants. | CR 12-36-M-DWM<br><br><br><br>ORDER |

Defendant Christin Dianne Didier is charged with seven counts of mail fraud in violation of 18 U.S.C. § 1341 and one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 371. (Doc. 1.) Didier is alleged to have made misrepresentations to her insurer and their representatives over the course of seven months in 2008, inducing them to improperly pay her for temporary housing. (Id.)

Pursuant to Rule 12 of the Federal Rules of Criminal Procedure, Didier moves to dismiss the indictment, arguing (1) the insurance policy was vague; (2) her completion of a form does not demonstrate intent to defraud; (3) allowing the

criminal case to proceed disregards her civil settlement with her insurer; (4) the mail fraud statute is vague as applied to her circumstance; and (5) she is a target of selective prosecution because the government does not appear to have investigated her insurer's handling of her claims. (Doc. 26.) Defendant Surayya Mahasin Nasir does not join Didier's Motion. (Doc. 28.)

Because Didier's arguments are not persuasive, her motion is DENIED without a hearing.

Rule 12(b) of the Federal Rules of Criminal Procedure allows pretrial consideration of any defense "which is capable of determination without the trial of the general issue." *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993). The Court may make preliminary findings of fact necessary to decide legal questions presented by a Rule 12(b) motion, but, in doing so, the Court may not "invade the province of the ultimate finder of fact." *Id*.

Indictments alleging fraud must show sufficient facts to allege the elements of the offense and advise the defendant of the charge. *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982). When considering a motion to dismiss, a court is limited to the face of the indictment and must accept the facts it presents as true. *Id*. An indictment will survive a motion to dismiss if it describes the elements of the charged offenses in sufficient detail (1) to enable the defendant to prepare a defense; (2) to ensure the defendant that the prosecution is on the basis of the facts

presented to the grand jury; (3) to enable the defendant to plead double jeopardy; and (4) to inform the Court of the alleged facts to determine the sufficiency of the charge. *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994); *United States v. Bernhardt*, 840 F.2d 1441, 1445 (9th Cir. 1988). The proper inquiry is whether the indictment sufficiently states the essential facts constituting the charged offense. *See* Fed. R. Crim. P. 7(c)(1). A defendant may not challenge a facially sufficient indictment for insufficiency of evidence; a Rule 12(b) motion is not a proxy for summary trial of the evidence. *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996).

Didier's first, second, and fourth arguments in support of her motion to dismiss are bound up with evidentiary considerations which must be decided by a jury at trial. By presenting defenses related to the Defendant's intent to defraud, these arguments call on the Court to evaluate the sufficiency of the evidence in the indictment, a line of inquiry is plainly improper on a Rule 12(b) motion. The resolution of these questions is reserved for trial where the government—and Didier, if she chooses—will introduce evidence to test the facts constituting the charged offense laid out in the indictment.

Didier's third argument seeks to give preclusive effect to her civil settlement with her insurer. Whether based on a theory of *res judicata* or collateral estoppel, this argument fails. *Res judicata* requires privity among the parties in

both cases in order to preclude the claim. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). "Privity is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008) (internal quotation marks and citations omitted). Didier has not shown the government to be so identified in interest with her insurer so as to represent precisely the same right in respect to the subject matter of this action. Just as in *Bhatia*, there is no indication the government controlled or influenced the related civil litigation. *Id*. at 760. Collateral estoppel invokes a narrower requirement, requiring the same parties before an issue is considered precluded in subsequent litigation. *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). Since the government does not stand in privity with Didier's insurer—a broader classification than the same parties requirement for collateral estoppel—Defendant cannot assert preclusive effect of her civil settlement based on collateral estoppel. The Court need not consider other requirements of preclusion doctrines as the failure of privity alone is sufficient to set aside Didier's third argument.

Didier's final argument asserts a selective-prosecution claim. "A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463

(1996). This line of argument does not challenge the sufficiency of the indictment to state an offense. In addition, Didier fails to present the requisite showing of "clear evidence" that the prosecution here "ha[s] a discriminatory effect and that it was motivated by a discriminatory purpose." *Id*. at 465, citing *Wayte v. United States*, 470 U.S. 598, 608 (1985). Didier has not demonstrated the government's failure to charge her insurer amounts to disparate treatment of similarly situated parties, nor has she shown the charge here enacts discrimination against a suspect class of persons entitled to equal protection under the Due Process Clause of the Fifth Amendment. Defendant's selective-prosecution claim is without merit and unrelated to her argument the indictment should be dismissed for failure to state an offense.

Accordingly, IT IS ORDERED that Defendant's Motion to Dismiss the Indictment for Failure to State an Offense (doc. 26) is DENIED.

DATED this 13th day of December, 2012.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT