TIMOTHY J. RACICOT
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2d Floor
Missoula, MT 59802
Phone:   (406) 542-8851
FAX:   (406) 542-1476
Email:   Tim.Racicot2@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTIN DIANNE DIDIER, and SURAYYA MAHASIN NASIR,<br><br>Defendants. | CR 12-36-M-DWM<br><br>**RESPONSE TO DEFENDANTS' SENTENCING MEMORANDA** |
|---|---|

The United States of America, by and through Timothy J. Racicot, Assistant United States Attorney for the District of Montana, hereby responds to the defendants' sentencing memoranda.

## LOSS AND RESTITUTION

Didier and Nasir both object to the restitution calculation in the final PSRs. Nasir also objects to the loss figure. Didier's objection is to the inclusion of the $50,000 that Chubb paid her as additional living expenses when she moved out of the Somers Mansion in January 2008. Didier Memo at 7. The presentence author removed that sum from the restitution calculation, which reduced the restitution amount from $263,163.25 to $213,162.25. Didier PSR ¶ 69.

Didier also references attorney fees and other costs associated with Chubb's internal investigation during her discussion of the restitution figure, but does not specifically ask the Court to disregard those amounts. Didier Memo at 5-7. The government is not aware of any authority that precludes a request for restitution that otherwise qualifies under 18 U.S.C. § 3663A(b)(4) simply because the victim was not paid pursuant to the settlement of a prior civil case. It appears to the government that both Didier and Chubb simply decided to go their separate ways in the civil case and neither party believes that the unresolved claims were without merit.

Nasir also objects to loss and restitution. She asserts that because Chubb opened an internal investigation before the United States presented the Indictment to the grand jury, the money spent on that investigation was not "during participation in the investigation or prosecution of the offense" under 18 U.S.C. § 3663A(b)(4). In support of that argument, she cites *United States v. Waknine*, 543 F.3d 546, 559 (9th Cir. 2008), and *United States v. Gordon*, 393 F.3d 1044, 1057 (9th Cir. 2004).

Those cases do not get Nasir where she wants to go. The court in *Waknine* noted that travel expenses could be awarded if proven, and no one is arguing that the costs were not incurred as a result of Chubb's fraud inquiry. *Waknine*, 543 F.3d at 558 ("If, on remand, the government proves by a preponderance of the evidence that Hadad incurred $6000 in travel expenses to assist in the investigation and prosecution of Waknine, then the district court may award restitution in that amount to Hadad."). The court continued, noting that "[g]enerally, investigation costs – including attorneys' fees – incurred by private parties as a 'direct and foreseeable result' of the defendant's wrongful conduct 'may be recoverable.'" *Id.* (quoting *Gordon*, 393 F.3d at 1057).

3

The bigger issue in *Waknine* was the court's conclusion that the attorneys' fees in that case were incurred to shield the victims from prosecution and not in aid of the investigation, which is not what happened here.  *Id.* at 559.  Chubb's expenditures were a direct and foreseeable result of the defendants' conduct, even though they preceded the filing of any charges.  And the results of the investigation were prominently featured during the trial, including through the testimony of Scott Peterson (the adjuster) and Michael Markey (the investigator).

    Nasir also believes that the $50,000 payment for additional living expenses should be deducted twice.  Nasir Memo at 3.  She seems to acknowledge that the final PSR does not include that sum as part of the restitution award.  Then, without fully conceding the point, she suggests that the appropriate figure to use as loss and restitution is the amount of the rental payments – $127,465.00 – plus her commission – $10,875 – minus the $50,000 that Chubb paid for additional living expenses.  In support of that contention, she refers to Chubb's victim impact statement, which was inserted into the PSR, and describes "a check for $50,000 that was an advance payment made to Didier for ALE rental payments[.]"  PSR ¶ 20.  All of the evidence in the record,

including the testimony of Scott Peterson during the trial and Exhibit C to Didier's sentencing memo, indicate that the $50,000 was paid in addition to all of the rental payments in order to help Didier transition to a temporary living situation, which is why the presentence author excluded that money from both the loss and restitution calculations in the final PSRs. That $50,000 should not be counted twice, contrary to Nasir's curious argument to the contrary.

## CONCLUSION

The loss and restitution figures in the final PSR are accurate and should be used by the Court in the imposition of the sentences in this case.

Respectfully submitted this 22nd day of July, 2013.

                                          MICHAEL W. COTTER
                                          United States Attorney

                                          */s/ Timothy J. Racicot*
                                          Assistant U.S. Attorney
                                          Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2013, a copy of the foregoing document was served on the following persons by the following means:

```
(1-3)  CM/ECF
( )    Hand Delivery
( )    U.S. Mail
( )    Overnight Delivery Service
( )    Fax
( )    E-Mail
```

1. Clerk, U.S. District Court

2. Colin M. Stephens
   SMITH & STEPHENS, P.C.
   315 W. Pine
   Missoula, MT 59802
     Counsel for Christin Dianne Didier

3. Michael Donahoe
   Senior Litigator
   Federal Defenders of Montana
   50 West 14th Street, Suite 300
   Helena, MT 59601-3332
     Counsel for Surayya Mahasin Nasir

                                    */s/ Timothy J. Racicot*
                                    Assistant U.S. Attorney
                                    Attorney for Plaintiff